17CV865

# SANDUSKY COUNTY CLERK OF COURTS
100 NORTH PARK AVE., SUITE 208
FREMONT, OH 43420
(419) 334-6161

SUMMON
9/12/2017

## SUMMONS ON COMPLAINT

WILLIAM J THOMAS
3525 NAVARRE AVE APT F32
OREGON, OH 43616

PLAINTIFF(S)

VS

FILE COPY

CASE NUMBER: 17CV865
THOMAS, WILLIAM J VS DYSKTRA, CHRISTINE M

DEFENDANT(S)

TO THE ABOVE NAMED DEFENDANT:

You have been named a defendant in a complaint filed in the SANDUSKY COUNTY COMMON PLEAS COURT, 100 NORTH PARK AVE., SUITE 208, FREMONT, OH 43420.

A copy of the complaint is attached.

You are required to appear and defend this action by serving an answer to the complaint on the Plaintiff's attorney or on the Plaintiff if he has no attorney. Your answer must be served within twenty-eight (28) days after the service of this summons. A copy of your answer must be also filed with this court within three (3) days after service on the Plaintiff's attorney or the Plaintiff.

The Plaintiff's attorney is:

ANDREW R MAYLE ESQ.
119 WEST MAIN STREET
BELLEVUE, OH 44811
PHONE: (419) 483-5744
FAX: (419) 483-5750

Failure to appear and defend this action will result in a judgment by default being taken against you for the relief demanded in the attached complaint.

TRACY M. OVERMYER
CLERK OF COURTS
By _____ DATE: 9/12/2017
Deputy Clerk

(Rule 4 - 1970 Ohio Rules of Civil Procedure)

IN THE SANDUSKY COUNTY COURT OF COMMON PLEAS

William J. Thomas ) Case No. 17CV865
3525 Navarre Avenue, Apt. F32 )
Oregon, Ohio 43616 ) Judge Robert G. Hart
)
Plaintiff, ) Complaint
)
vs. )
) (Jury Demand Endorsed Hereon)
Christine M. Dysktra )
3895 Savannahs Trail )
Meritt Island, FL 32953 )
)
and )
)
Steven Dykstra )
3895 Savannahs Trail )
Meritt Island, FL 32953 )
)
Defendants. )

State of Ohio, Sandusky County, SS:
I hereby certify that this is a true copy of the original document now on file in my office this ___ day of September 20__.
TRACY M. OVERMYER
Sandusky County Clerk of Courts
By_____ Deputy Clerk

1. Plaintiff resides in Ohio and is the father of defendant Christine M. Dykstra and father-in-law of defendant Steven Dykstra ("the Dykstra defendants").

2. In late 2015, the Dykstra defendants through defendant Christine M. Dykstra contacted her father, plaintiff William J. Thomas, about the Dykstras moving from Texas to Florida because Ms. Dykstra's husband, defendant Steven Dykstra, was anticipating taking a new job in Florida.

3. At this time, Mr. Thomas and his wife Alice were longtime residents of Sandusky county. Alice was and is suffering from dementia and has other health problems and since she and Mr. Thomas are both elderly, it was hard for plaintiff to care for his longtime wife Alice on his own without assistance from other family members. Defendant Christine M. Dykstra urged her father to sell his house in Sandusky county and move to Florida with Alice.

1

4. She promised that the Dykstra defendants would help Mr. Thomas care for Christine M. Dykstra's mother, Alice, and that the Dykstra defendants would build Mr. Thomas a woodworking shop on the premises of residential property that the Dykstras planned on acquiring in Florida.

5. In exchange for this, the Dykstra defendants requested of plaintiff William J. Thomas, who is in his eighties; that he deposit over $100,000.00 in monies generated from the sale of his home and elsewhere into a joint account with Christine M. Dykstra in order to help with the expense of housing her parents in Florida.

6. Reasonably relying upon these promises, in early 2016 Mr. and Mrs. Thomas sold their longtime home in Sandusky county and on April 7, 2016 Mr. Thomas caused to be wired two payments to a new Bank of America account he opened with his daughter. They payments were for $104,234.69 and $29,621.80. Further, on April 13, 2016 Mr. Thomas deposited $11,757.61.

7. Around this time, as part of the agreed-upon plan and because they sold their home in Sandusky county, Mr. and Mrs. Thomas moved to Texas to be with the Dykstra defendants before the final anticipated move to Florida.

8. The Dykstra defendants largely exercised control over the Bank of America account and wrote checks and caused large wire transfers to their benefit—including a transfer of $109,674.05 on April 29, 2016. The Dykstra defendants also paid incidental bills that largely benefited themselves.

9. After the move to Florida, the situation rapidly declined and animosity from the Dysktra defendants toward William and Alice Thomas escalated.

2

10. The Dykstra defendants did not assist in caring for Alice Thomas as promised.

11. And soon, the Dykstra defendants demanded that plaintiff William J. Thomas and his wife Alice vacate the Florida residence.

12. Mr. Thomas was left with no choice and ultimately had to move back to Ohio with Alice, who is now in a nursing home.

13. The monies he deposited into the Bank of America account would not have been deposited but for his reasonable reliance upon the Dykstra defendants repeated representations that they would care for the William and Alice in their later years in Florida and that they could stay in the Florida home.

14. The monies deposited in the Bank of America account represented a material portion of William's net worth. Without those monies, he and his wife are in a dire financial condition.

15. The loss to plaintiff exceeds $25,000.

### Count I: Unjust Enrichment

16. As alleged above, plaintiff conferred a financial benefit upon the Dykstra defendants.

17. The Dykstra defendants have knowingly retained that benefit.

18. It would be unjust under the circumstances for the Dykstra defendants to retain the benefit without making restitution to plaintiff.

19. Therefore, plaintiff requests restitution in excess of $25,000 to be determined at trial.

## Count II: Promissory Estoppel

20. As alleged above, the Dykstra defendants made clear and unambiguous promises that they would care for William and Alice Thomas in their elderly years—especially for Alice. They said that William and Alice could live out their lives with the Dykstra defendants in Florida and that all that they required was the establishment of the joint checking account with Bank of America.

21. Because the Dykstra defendants were (up to that point) considered "family" by William and his wife—and because the Dykstra defendants were actually moving to Florida—plaintiff William J. Thomas actually, reasonably, and foreseeably relied upon these promises, which, if true, were the best solution for he and Alice's financial, health, and lifestyle situation.

22. As a result of the reliance upon the promise, plaintiff has been injured in excess of $25,000 because the Dykstra defendants have the benefit of plaintiff's reliance at the cost of plaintiff, who was ultimately not benefited—yet harmed—by this occurrence.

23. Therefore, plaintiff requests relief in excess of $25,000 to be determined at trial.

24. Wherefore, on counts I and II plaintiff requests in excess of $25,000 in the form of restitution or damages against both defendants—jointly and severally.

Andrew R. Mayle (0075622)
119. W. Main Street
Bellevue, Ohio 44811
419.483.5744
*amayle@mayleraymayle.com*

## Jury Demand

Plaintiff demands a jury on all triable issues with the maximum number of jurors permitted by law.

Andrew R. Mayle (0075622)

5